IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael L. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:18-cv-1138-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Tony Ward, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Michael L. Williams, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 seeking monetary damages (ECF No. 1-1). This matter is before the court on Defendant's motion for summary judgment. (ECF No. 15). Plaintiff filed responses in opposition to the motion (ECF Nos. 30 and 33), and Defendant filed a reply (ECF No. 31). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation ("Report") in which he recommended that Defendant's summary judgment motion be granted. (ECF No. 36). Plaintiff timely filed objections. (ECF No. 38). Defendant filed a reply to Plaintiff's objections. (ECF No. 40).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b) (1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *See id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**I. Facts/Background**

The Report summarizes the facts and procedural background. (ECF No. 36 at 2-4). Briefly, at the time of the incidents alleged in the Complaint, Plaintiff was a pretrial detainee at the Lexington County Detention Center. (ECF No. 15-1). Defendant was a sergeant with the Lexington Country Sheriff's Office. *Id.* at 1. Defendant considered Plaintiff a "high risk" detainee (ECF No. 15-2 at 3) because he had been found in possession of homemade knives a few days before this incident. (ECF No. 15-2 at 3). Plaintiff does not deny that SWAT officers were called to the

detention center when he was previously found to have makeshift weapons.  Plaintiff also had previously threatened staff members at the detention center.

On February 15, 2017, Plaintiff was in the dayroom area of the detention center and told officers that he did not intend to return to his cell.  Plaintiff admits that he then obtained possession of a mop stick and spray bottle of cleaner, although he alleges that he later discarded these items and put his hands in the air.  Plaintiff does not deny that Defendant, who was the supervising officer during the incident, ordered him to lie down and that Plaintiff refused to do so.  Plaintiff alleges that one of Defendant's subordinates attempted to shoot him in the back with a Taser, which caused Plaintiff to retrieve a rubberized shower curtain to defend against use of the Taser.  Several officers entered the area with a shield and knocked him to the ground but were unable to handcuff him or control him.  Defendant then used his Taser on Plaintiff's thigh and calf for 5 seconds and ordered him to roll over and allow officers to secure him with handcuffs.  When he failed to do so, Defendant used the Taser on Plaintiff for 5 more seconds.  Officers were then able to put Plaintiff in handcuffs and place him in a restraint chair.  He was subsequently seen by medical personnel and treated for minor injuries.  Plaintiff alleges that Defendant's use of the Taser constituted unconstitutionally excessive force as well as assault and battery under state law.  Plaintiff further alleges that Defendant's application of force was racially motivated.

3

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## III. Discussion

The magistrate judge recommends that the court grant summary judgment in favor of Defendant. In his Report, the magistrate judge concluded that there was no genuine issue of material fact regarding whether Defendant's use of the Taser was objectively reasonable under the considerations set forth in *Kingsley v. Hendrickson*,

135 S. Ct. 2466, 2472-73 (2015). (ECF No. 36 at 5-6). The magistrate judge found no evidentiary support for Plaintiff's claim that the Defendant's use of the Taser was driven by racism. *See id.* at 6. Moreover, the magistrate judge concluded that Defendant was entitled to qualified immunity based on Plaintiff's failure to show that Defendant violated his clearly established constitutional rights. *See id.* at 5-6. Finally, the magistrate judge recommended that, under 28 U.S.C. § 1367, this court decline to exercise supplemental jurisdiction over any state law claim asserted by Plaintiff, including assault and battery. (ECF No. 36 at 7).

None of Plaintiff's objections "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Plaintiff's objections simply elaborate on his claims. In particular, Plaintiff continues developing his theory that all of Defendant's actions were caused by racial animus. In this context, however, "the question is whether [Defendant's] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [him], *without regard to [his] underlying intent or motivation*." *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (emphasis added). In his objections, Plaintiff also makes numerous additional general allegations regarding various violations and indignities he allegedly suffered at the detention center. These additional allegations are new grounds for relief, and this court does not have a duty to review newly raised issues in objections to a Report and Recommendation from a magistrate judge. *See*

*Samples v. Bullard*, 860 F.3d 266, 275 (4th Cir. 2017).  And, in any event, Plaintiff does not specifically allege that Defendant was involved in any of the newly-raised purported incidents.  The court has carefully reviewed the Report in light of Plaintiff's objections and finds no reversible error.

## IV. Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 36) and incorporates it herein.  Therefore, Defendant's Motion for Summary Judgement (ECF No. 29) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

December 20, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.